# Tab 2

Lynne Finley
District Clerk
Collin County, Texas
By Lauren Hulon Deputy
Envelope ID: 39629409

CAUSE NO. 471-00019-2020

| | | |
|---|---|---|
| DEANNE M. HINSON | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

DEANNE M. HINSON, Plaintiff herein, files this Original Petition against Defendant STATE FARM LLOYDS ("STATE FARM") and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

### II. CLAIM FOR RELIEF

1. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, PLAINTIFF'S counsel states that Plaintiff is seeking monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### II. DISCOVERY CONTROL PLAN LEVEL

2. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## I. THE PARTIES

3. Plaintiff, DEANNE M. HINSON is a Texas resident who resides in COLLIN County, Texas.

4. Defendant, STATE FARM is in the business of insurance in the State of Texas. The insurance business done by STATE FARM in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served by serving **its Registered Agent: Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701-3218. Service is requested by Certified Mail, Return Receipt Requested.**

## IV. JURISDICTION AND VENUE

5. Venue is appropriate in COLLIN County, Texas because all or part of the conduct giving rise to the causes of action were committed in COLLIN County, Texas and the Plaintiff and property which is the subject of this suit are located in COLLIN County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## V. FACTS

6. Plaintiff is the owner of a Texas Homeowner's Insurance Policy (No. 84-CZ-N829-5) (hereinafter referred to as "the Policy"), which was issued by STATE FARM.

7. Plaintiff owns the insured property, which is specifically located at 3521 Burnet Dr.

Plano, Texas 75025-4440, (hereinafter referred to as "the Property").

8. STATE FARM sold the Policy insuring the Property to Plaintiff.

9. During the terms of said Policy, on or about June 6, 2018, under Claim No. 43-7982-Q98 and Policy No. 84-CZ-N829-5, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that STATE FARM cover the cost of repairs to the Property pursuant to the Policy. STATE FARM failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

10. As detailed in the paragraphs below, STATE FARM wrongfully undervalued and denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, STATE FARM failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

11. Plaintiff requested that Defendant, STATE FARM cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof, interior, fencing, and exterior damages to the Property.

12. To date, STATE FARM continues to delay in the payment for the damages to the Property.

13. STATE FARM failed to perform its contractual duty to adequately compensate Plaintiff under the terms of his Policy. Specifically, STATE FARM refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. STATE FARM's conduct constitutes a breach of the insurance contract between it and Plaintiff.

14. Pleading further, STATE FARM misrepresented to Plaintiff that the damage to the

Property was not covered under the Policy, even though the damage was caused by a covered occurrence. STATE FARM's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

15. STATE FARM failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

16. STATE FARM failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, STATE FARM did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. STATE FARM's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

17. STATE FARM failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

18. Further, STATE FARM failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

19. STATE FARM failed to meet its obligations under the Texas Insurance Code regarding

payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

20. From and after the time Plaintiff's claim was presented to STATE FARM, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. STATE FARM's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. Additionally, STATE FARM knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

22. Because of STATE FARM's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## VI. CAUSES OF ACTION AGAINST STATE FARM LLOYDS ("STATE FARM")

### A. BREACH OF CONTRACT

23. STATE FARM's conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1. UNFAIR SETTLEMENT PRACTICES

24. STATE FARM's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a).

All violations under this article are made actionable by TEX. INS. CODE §541.151.

25. STATE FARM's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

26. STATE FARM's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

27. STATE FARM's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2.   THE PROMPT PAYMENT OF CLAIMS**

28. STATE FARM's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

29. STATE FARM's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

30. STATE FARM's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.

TEX. INS. CODE §542.056.

31. STATE FARM's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

32. STATE FARM's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

33. STATE FARM's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### VII. KNOWLEDGE

34. Each of the acts described above, together and singularly, was done "knowingly" by STATE FARM as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### VIII. DAMAGES

35. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

36. As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of STATE FARM's mishandling of Plaintiff's claim in violation of the laws set forth above.

37. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain,

which is the amount of the claim, together with attorney's fees.

38.  For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

39.  For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as any penalties and interests per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

40.  For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

41.  For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### IX.

42.  In addition, as to any exclusion, condition, or defense pled by STATE FARM, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by STATE FARM violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, STATE FARM is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X. DEMAND FOR JURY

43. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of this Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## XI. REQUEST FOR DISCOVERY

44. Pursuant to the Texas Rules of Civil Procedure 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(k).

45. You are also requested to respond separately to the attached Interrogatories, Request for Production, and Request for Admission, and responses must be served in compliance with Rule 194.4 of the Texas Rules of Civil Procedure, to the undersigned attorney Perry J. Dominguez II at

PERRY DOMINGUEZ LAW FIRM PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217, within fifty (50) days after service.

Defendant is further notified of the duty under the Texas Rules of Civil Procedure to supplement discovery answers and responses if the answer or response was incorrect when made; or if the answer or response, though correct when made, is no longer correct, true, or complete.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff request that STATE FARM be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against STATE FARM for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against STATE FARM, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PERRY DOMINGUEZ LAW FIRM PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2879

Facsimile: (210) 570-2322
perry@pdattorney.com

BY: */s/Perry J. Dominguez*
Perry J. Dominguez II
State Bar No. 24055414

**ATTORNEY FOR PLAINTIFF**

## DEFINITIONS AND INSTRUCTIONS

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C. If you claim that any document which is required to be identified or produced by you in any response is privileged:
  1. Identify the document's title and general subject matter;
  2. State its date;
  3. Identify all persons who participated in its preparation;
  4. Identify the persons for whom it was prepared or to whom it was sent;
  5. State the nature of the privilege claimed; and
  6. State in detail each and every fact upon which you base your claim for privilege.

D. "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
  1. His or her name;
  2. His or her last known business and residence address and telephone number; and

Case 4:20-cv-00093 Document 1-2 Filed 02/07/20 Page 16 of 38 PageID #: 43

        3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.    If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 15 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.    "Plaintiff" and "PLAINTIFFS" includes all Plaintiff, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.    "Property" means the property at issue in the lawsuit.

J.    "Lawsuit" means this lawsuit.

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a) the correct names of the parties to the lawsuits;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual basis of Plaintiffs' claims;

(d) the amount and any method of calculating economic damages;

(e) the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert:
    (1) the expert's name, address and telephone number;
    (2) the subject matter on which the expert will testify;
    (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiffs, documents reflecting such information;
    (4) if the expert is retained, employed by or otherwise subject to the control of Defendant:
        (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
        (B) the expert's current resume and bibliography;

(g) any indemnity or insuring agreements;

(h) any settlement agreements, described in Rule 192.3(g);

(i) any witness statements, described in Rule 192.3(h);

(j) all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

# PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1. Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   ANSWER:

2. Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   ANSWER:

3. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

   ANSWER:

4. Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

   ANSWER:

5. Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

   ANSWER:

6. At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

   ANSWER:

7. Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

   ANSWER:

8. Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9. Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

1. The following insurance documents issued for the Property as identified in the Petition:
   a. the policy at issue for the June 6, 2018 as identified in the Petition; and
   b. the policy declarations page for the 3 years preceding the storm and any endorsements.

   **RESPONSE:**

2. Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

   **RESPONSE:**

3. All documents relating to the condition or damages of the Property or any insurance claim on the Property.

   **RESPONSE:**

4. All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

   **RESPONSE:**

5. All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

   **RESPONSE:**

6. All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

   **RESPONSE:**

7. All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

   **RESPONSE:**

8. Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

**RESPONSE:**

9. A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and his managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

**RESPONSE:**

10. If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

**RESPONSE:**

11. All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

**RESPONSE:**

12. All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

**RESPONSE:**

13. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the June 6, 2018 claimed by Plaintiff(s).

**RESPONSE:**

14. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

   **RESPONSE:**

15. The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

   **RESPONSE:**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT

### REQUEST FOR ADMISSION NO. 1.
Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

### REQUEST FOR ADMISSION NO. 2.
Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

### REQUEST FOR ADMISSION NO. 3.
Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

### REQUEST FOR ADMISSION NO. 4.
Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

### REQUEST FOR ADMISSION NO. 5.
Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE: