UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEANNE M. HINSON | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-093-SDJ |
| | § | |
| STATE FARM LLOYDS | § | |

## MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Amended Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 10, 2021, the Amended Report of the Magistrate Judge, (Dkt. #73), was entered containing proposed findings of fact and recommendations that Defendant State Farm Lloyds's Motion for Summary Judgment, (Dkt. #32), be granted.[1] Having assessed the Amended Report and considered Plaintiff's Objection, (Dkt. #74), and Defendant's Response, (Dkt. #75), the Court determines that the Magistrate Judge's Report and Recommendation should be adopted.

### BACKGROUND

The underlying facts of this case are set forth in detail in the Report. As such, the Court describes only those facts pertinent to the Plaintiff's Objection.

### I.  Texas Insurance Code

Under Texas law, although an insurance policy is recognized as a contract that "establish[es] the respective rights and obligations to which an insurer and its

---

[1] Defendant will sometimes be referenced herein as "State Farm."

insured have mutually agreed," an insurance policy is also deemed to be "a unique type of contract" because insurers generally "'ha[ve] exclusive control over the evaluation, processing[,] and denial of claims,' and [insurers] can easily use that control to take advantage of [their] insured[s]." *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018) (quoting *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). Based on this "inherent 'unequal bargaining power,'" the Texas Supreme Court has held that the "'special relationship' between an insurer and insured justifies the imposition of a common-law duty on insurers to 'deal fairly and in good faith with their insureds.'" *Id.* (quoting *Arnold*, 725 S.W.2d at 167).

The Texas Insurance Code provides further protections for insureds, supplementing the parties' contractual rights and obligations by imposing procedural requirements that govern the manner in which insurers review and resolve an insured's claim for policy benefits. *See, e.g.*, TEX. INS. CODE § 541.060(a) (prohibiting insurers from engaging in a variety of "unfair settlement practices"). The Code grants insureds a private action against insurers that engage in certain discriminatory, unfair, deceptive, or bad-faith practices, and it permits insureds to recover "actual damages . . . caused by" those practices, court costs, and attorney's fees, plus treble damages if the insurer "knowingly" commits the prohibited act. *Id.* §§ 541.151, .152; *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 441 (Tex. 2012).

Chapter 541 of the Code defines trade practices that are unfair methods of competition or unfair or deceptive acts or practices and prohibits such practices. TEX.

2

INS. CODE § 541.001. Plaintiff Deanne Hinson has alleged, among other claims, that Defendant State Farm Lloyds violated several subsections of Chapter 541, including Section 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), and 541.060(a)(7). State Farm has moved for summary judgment as to all of these claims, as well as Hinson's claim for breach of the duty of good faith and fair dealing. In her Report, the Magistrate Judge recommends that the Court grant summary judgment in favor of State Farm, dismissing each of Hinson's Chapter 541 claims and her claim for breach of the duty of good faith and fair dealing.

Hinson has objected to the Report as to only one claim, specifically her allegation that State Farm violated Section 541.060(a)(7) of the Texas Insurance Code, which provides that it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to refuse to pay a claim without conducting a reasonable investigation with respect to the claim.

## II. Hinson's Insurance Policy

Hinson owns a house located at 3521 Burnet Dr., Plano, Texas (the "Property"). The Property is insured by a Texas Homeowner's Insurance Policy purchased from State Farm (the "Policy"). The Policy provides for a one-percent deductible of the value of the covered property for losses caused by hail damages and states that no coverage is provided for losses caused by wear, tear, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown.

In 2012, Hinson's Property was impacted by a hailstorm that caused damage to the exterior of the home, which was covered in part by the Policy. Later, on

3

March 10, 2019, Hinson made another insurance claim, asserting that her home had been subject to another wind/hail event on June 6, 2018. Hinson submitted Claim No. 43-7982-Q98 under the Policy. State Farm contacted Hinson and scheduled to have an adjuster visit the home for an inspection on March 19, 2019. Ultimately, State Farm conducted three inspections of the Property, one of which was performed by an independent engineer.

Each inspection concluded with a finding that the damage to Hinson's roof (and the shingles thereon) was not caused by hail but rather resulted from a manufacturing defect in the hail-impact-resistant shingles that were installed in 2013 after the earlier 2012 storm and insurance claim. State Farm estimated that to repair or replace the property damaged by hail—including attic vent covers, turbine roof vents, a flue cap, and chimney flashing—would cost $2,785.76, which fell below Hinson's $3,404.00 deductible. Hinson contends, contrary to the inspection findings, that the damage to her roof was caused by hail (a covered loss), not a manufacturing defect.

## III.   The Litigation between Hinson and State Farm

Hinson filed the instant suit against State Farm in the 471st Judicial District Court of Collin County, Texas. The case was subsequently removed to this Court. Hinson has asserted claims against State Farm for: (1) breach of contract; (2) noncompliance with the Texas Insurance Code; and (3) breach of the common-law duty of good faith and fair dealing. State Farm has moved for summary judgment on

each of the extra-contractual causes of action asserted by Hinson, with the sole exception of Hinson's claim under Section 542.058 of the Texas Insurance Code.

## OBJECTION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). Relevant to consideration of Plaintiff's Objection herein, the Magistrate Judge recommended that summary judgment be granted on Plaintiff's claim under § 541.060(a)(7) of the Texas Insurance Code. (Dkt. #73 at 17).

Hinson raises a single objection to the Magistrate Judge's Amended Report, arguing that "a fact issue exists as to if the inspections were reasonable." (Dkt. #74 at 2). Hinson contends that the individual who inspected the property, Taylor Asfar, was not qualified, as he is a field adjuster with little training regarding manufacturing defects. (Dkt. #74 at 3). In response, State Farm maintains that Hinson, even now, fails to raise a fact issue. Specifically, State Farms notes that the record demonstrates that its adjuster, Asfar, has over fifteen years of "practical experience in identifying manufacturing and latent defects in roof shingles[,]" and, further, that multiple inspections constitute a reasonable inspection. (Dkt. #75 at 2–3).

The Court concludes that the Magistrate Judge properly determined that the summary judgment was warranted on Hinson's claim for failure to conduct a reasonable investigation. Hinson does not contest that State Farm had three separate

inspections of the Property conducted, (Dkt. #74 at 2), and it is well established that conducting multiple inspections of an insured's property demonstrates that the insurer's investigation was not performed unreasonably or in bad faith. *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 527 (5th Cir. 2015) (finding that retaining an expert to conduct a second inspection "demonstrates an effort on [the insurer's] part to obtain an expert opinion on a complicated coverage issue"); *Greenville Townhome Owners Ass'n, Inc. v. Phila. Indem. Ins. Co.*, 473 F.Supp.3d 692, 698–700 (N.D. Tex. 2020) (finding summary judgment proper for defendant on plaintiff's claim for violations of § 541.060(a)(7) where two inspections were completed of the property prior to adjusting the plaintiff's claim for wind damage). Indeed, "[an insurance company's] decision to consult with additional experts before making a final coverage decision speaks to the thoroughness of its investigation." *J.P. Columbus Warehousing, Inc. v. United Fire & Cas. Co.*, No. 5:18-CV-100, 2021 WL 799321, at *9 (S.D. Tex. Jan. 13, 2021). Here, State Farm had three separate inspections of the Property completed, one of which was performed by Frank Griffin—a senior project engineer (about whom Hinson does not complain in her Objection)—and each of which reached the same conclusion. (Dkt. #32-4).

For these reasons, the Magistrate Judge correctly concluded that summary judgment is appropriate as to Hinson's claim that State Farm violated Section 541.060(a)(7) of the Texas Insurance Code. Hinson's objection is **OVERRULED**.

CONCLUSION

Having considered Plaintiff Deanne Hinson's Objection, (Dkt. #74), and Defendant State Farm Lloyds's Response, (Dkt. #75), the Court adopts the Magistrate Judge's Amended Report and Recommendation, (Dkt. #73), as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment, (Dkt. #32), is **GRANTED**. It is further **ORDERED** that Plaintiff's claim for breach of the duty of good faith and fair dealing, as well as all of Plaintiff's claims for violations of the Texas Insurance Code, with the exception of Plaintiff's claim under Section 542.058 of the Code, are **DISMISSED with prejudice**. Plaintiff's claims for breach of contract and violation of Section 542.058 of the Texas Insurance Code remain.

**So ORDERED and SIGNED this 26th day of April, 2021.**

_____

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE